[No. 2984.]

### LIZZIE HANDLEY *v.* THE STATE.

1. DISORDERLY HOUSE—JURISDICTION OF THE MAYOR'S COURT OF THE CITY OF DALLAS.—Under the charter of the city of Dallas, the mayor's court of that city has concurrent jurisdiction with the county court over the offense of keeping a disorderly house.

2. SAME—FORMER ACQUITTAL—CASE STATED.—The indictment in this case, charging the appellant with keeping a disorderly house on May 15, 1883, was filed May 25, 1883, and the trial was had on September 4, following. The defense interposed a plea of former acquittal before the mayor's court. The evidence showed that on the thirteenth day of June, 1883, upon a complaint charging her with keeping a disorderly house in Dallas, the defendant was acquitted on a trial before the mayor's court; that the testimony adduced on that trial was the same as that adduced on this trial; that it covered and embraced the whole period of time for and including the fourth day of April, 1883 (when she was convicted in the county court for keeping a disorderly house in Dallas), up to May 25, 1883, and that every act done by her in keeping the disorderly house during said period of time was proved on the trial in the mayor's court, and by the same witnesses who testified on this trial. *Held*, that whether or not the keeping of a house for public prostitution and as a common resort for prostitutes and vagabonds is an offense continuous in its nature, the plea of former acquittal, under the facts proved, should have prevailed.

3. SAME—CONTINUOUS OFFENSE.—Whether or not the keeping of a disorderly house is an offense continuous in its nature was not considered by the trial court as an issue in this case, but he treated the plea of former acquittal as unsupported by the evidence, because the penalty prescribed by the city ordinance was not as great as that prescribed by the statute; for which reason he instructed the jury, in substance, to disregard the plea. The record discloses no such ordinance, and the trial judge must have assumed its existence or held that it devolved upon the defense to prove it; in which there was error.

4. SAME.—The Legislature having conferred upon the mayor's court of the city of Dallas jurisdiction over the offense of keeping disorderly houses, concurrent with the county court, the presumption obtains, until the contrary is shown, that the city ordinances have conformed the penalty to that of the State.

APPEAL from the County Court of Dallas. Tried below before the Hon. R. E. Burke, County Judge.

The indictment charged that the appellant, in the city of Dallas, on the fifteenth day of May, 1883, did keep a disorderly

house for the purpose of public prostitution and as a common re-
sort for prostitutes and vagabonds.    Trial resulted in conviction,
and the punishment of the appellant was fixed at a fine of one
hundred dollars.

An agreed statement of facts recites as follows:

"THE STATE OF TEXAS ⎫
        *v.*         ⎬ In County Court of Dallas County.
"LIZZIE HANDLEY. ⎭

"Be it remembered, that on the trial of this action it was proved
that the defendant, Lizzie Handley, was the keeper of a disor-
derly house, said house being kept by her for the purpose of
public prostitution and as a common resort for prostitutes and
vagabonds; that the said house was kept by her in the city of
Dallas, county of Dallas, and State of Texas, and that she had
been so the keeper of said house from the fourth day of April,
1883, up to the twenty-fifth day of May, 1883, and that the de-
fendant was arrested on affidavit filed in the mayor's court of
the city of Dallas on the —— day of June, 1883, charging her
with the offense of keeping a disorderly house, the same being
kept by said defendant, Lizzie Handley, for the purpose of public
prostitution, and as a common resort for prostitutes and vaga-
bonds, and kept by her in the city of Dallas, and county of Dal-
las, and State of Texas; and that thereafter, on the thirteenth
day of June, 1883, she was placed upon trial on said charge in
the said mayor's court of the city of Dallas, and upon her, the
said defendant's, plea of not guilty, the jury regularly impan-
eled to try the defendant on said charge, returned into court
their verdict, as follows:   'We, the jury, find the defendant not
guilty.'    That the evidence offered in the mayor's court was the
same as that introduced upon the trial of this cause, and cov-
ered and embraced the whole period of time from and including
the fourth day of April, 1883, up to the twenty-fifth day of May,
1883, and that every act done by her in the keeping of said dis-
orderly house during said period of time was proved on the trial
in the mayor's court, and by the same witnesses who proved the
keeping of the disorderly house for the State on this trial.    It is
further agreed that under the original charter of the city of Dal-
las, the mayor of the city of Dallas has jurisdiction in criminal
cases equal and concurrent with justices of the peace, and no
greater.    Defendant then read in evidence amendments to said
charter."

Extract from section 21, amended charter of the city of Dallas:
"Section 21. The city council may, at any time after the adoption of this act, by ordinance, establish the office of recorder of said city, and order the election of a suitable person to fill the same, and, when elected and qualified, he shall be the chief judicial magistrate of the city, and shall hold his office until his successor is elected and qualified, the election of whom shall be at the next general election of city officers; and as such shall hold a court within said city by name of the recorder's court of the city of Dallas, which said court shall have concurrent jurisdiction and cognizance of all misdemeanors, breaches of the peace, infractions of the ordinances, and all other causes arising under the laws of said city; and said court shall also have concurrent jurisdiction of all misdemeanors arising under the criminal laws of this State within said city limits, in which the punishment is by fine only, or by fine or by imprisonment, or by both; provided that no fine shall exceed two hundred dollars, or period of imprisonment exceed thirty days in the city jail; and provided, further, that the said court shall have concurrent jurisdiction of all cases for keeping disorderly houses, or houses of prostitution within the limits of said city."

Section 62 of the amended charter of the city of Dallas:
"Section 62. The city council shall have the right to enact all necessary ordinances to restrain and punish vagabonds, mendicants, streets beggers and prostitutes; to locate, restrain, punish and control all disorderly houses of prostitution or asssignation, and keeper and inmates thereof; to regulate, punish or control all gambling, and the keepers of games and gambling houses, and those who bet on games and gambling devices, where there is an ordinance of the city of Dallas in force punishing this or any other misdemeanor with as great a penalty as the same is punished by the statutes of the State. The mayor's court of the city of Dallas shall have concurrent jurisdiction of such misdemeanors when committed within the corporate limits of the city of Dallas."

The motion for new trial presented the questions discussed in the opinion.

*Stemmons & Field,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE.    This is an appeal from a conviction for keeping a disorderly house.    The indictment was filed in the county court on May 25, 1883.    On September 4, 1883, this case was called for trial, and both parties announcing ready, the cause went to trial.

In bar to this prosecution, the defendant interposed a plea of former acquittal before the mayor's court of the city of Dallas. In proof of this plea, it was shown that a trial in the mayor's court, upon a complaint charging appellant with keeping a disorderly house in the city of Dallas, in the county of Dallas, was had on the thirteenth of June, 1883, and that appellant was acquitted of the charge of keeping a disorderly house for the purpose of public prostitution; that the evidence in the mayor's court was the same as that introduced upon the trial of this case in the county court; that it covered and embraced the whole period of time for and including the fourth day of April, 1883 (at which last mentioned time appellant had been convicted, in the county court, for keeping a disorderly house in the city of Dallas), up to May 25, 1883, and that every act done by her in the keeping of the disorderly house during said period of time was proved on the said trial in the mayor's court, and by the witnesses who proved the keeping of the disorderly house for the State on this trial.

It has been and is now held by this court that, under the charter of the city of Dallas, the mayor's court has concurrent jurisdiction of this offense with the county court.

Under the above statement, we are clearly of opinion that, whether the keeping of a house for the purpose of public prostitution, and as a common resort for prostitutes and vagabonds, be an offense continuous in its nature or not, appellant's plea should have prevailed, for the record shows that the whole ground, all of the acts of the defendant, the full period of time, in fact, the time and acts required to complete the offense, were adduced in evidence upon the trial in the mayor's court, and that the same acts and time are relied on for a conviction upon the trial of this case.

It was not necessary, nor is it now urged by counsel for appellant, in support of appellant's plea, that this offense is continuous, and therefore one conviction or acquittal can be interposed in bar to a prosecution, which prosecution, to convict, must rely upon time covered by that which may have been embraced under the allegations of the first complaint or indictment.

This issue, to wit, is this offense continuous in its character? was not considered by the learned judge presiding as involved in the case. The plea, in his opinion, was not supported by the evidence, simply because the punishment prescribed by an ordinance of the city for this offense was not as great as that imposed by the statutes of the State, and his honor below instructed the jury, in effect, to disregard the plea of appellant, because an ordinance of the city prescribed a penalty less than that prescribed by the statute. The record does not disclose any such ordinance, and the learned judge must have assumed its existence, or, believing that it was necessary for appellant to introduce in evidence an ordinance conforming the city penalty to that of the State, intended, by his charge, to convey this idea to the jury.

The Legislature having expressly conferred concurrent jurisdiction of this offense on the mayor's court, we will presume, until the contrary be proven, that the city has conformed the city penalty to that of the State; that is, that it is not less.

We are of the opinion that there was error in the charge of the court relating to this subject, for which the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered June 18, 1884.